# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE I. REVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. LINES, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00980-LJO-MJS (PC)<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND, and (2) DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff Andre I. Revis is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court for screening is Plaintiff's complaint. For the reasons set forth below, the Court finds the complaint fails to state a cognizable claim and ORDERS it DISMISSED with leave to amend. Further, Plaintiff's request for appointment of counsel is DENIED WITHOUT PREJUDICE.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following Corcoran State Prison (CSP) representatives as Defendants (1) Lines, Supervisor of Building Trades, (2) Medina, Business Manager, (3) Botello, Custodial Correctional Officer, (4) Renteria, Custodial Correctional Officer, (5) Mavsa, Supervisor, (6) Sexton, Facility Caption, (7) Cavazus, Chief Deputy Warden, and (8) Doe CDCR employees.

Plaintiff complains the toilet and related drainage in and near his cell in the CSP Security Housing Unit (SHU) was clogged with human excrement, unsanitary and unsafe, and harmful to his health, violating the Eighth Amendment and Title 15, and constituting intentional infliction of emotional distress under state law.

Plaintiff specifically alleges that:

On December 8, 2011, he filed a CDCR Form 22 "Inmate Request" notifying unspecified custodial custody staff of the problem with his toilet and related drainage. On December 19, 2011, he attempted to raise the problem with Defendant Correctional Officer Renteria. On December 20, 2011, a response to his Form 22 advised that Defendant Sexton had approved a work order to repair the problem. On December 22, 2011, Plaintiff filed a 602 appeal of the problem. On December 27, 2011, the problem with the toilet and drainage was repaired pursuant to a priority work order.

Plaintiff claims the problem with the toilet and drainage exacerbated his asthma and sinus conditions and necessitated an increase in medication.

Plaintiff seeks an order that Defendants provide him with adequate living conditions consistent with health and safety standards, appointment of counsel, and an award of monetary damages.

### IV. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. Failure to Link Defendants to Violations

Plaintiff provides no reasonable factual basis for his belief Defendants caused or participated in the violations alleged. A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297

3

1  F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the
2  actions of the defendants and the deprivation alleged to have been suffered by the
3  plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978).
4  Government officials may not be held liable for the actions of their subordinates under a
5  theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official
6  cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must
7  plead sufficient facts showing that the official has violated the Constitution through his
8  own individual actions. Id. at 1948.

9  Plaintiff offers no "link" between Defendants and the alleged rights violations.
10 Nothing suggests these individuals personally acted or failed to act so as to violate his
11 rights. Mere conclusions, speculation and surmise are not sufficient to state a claim.

12 If Plaintiff chooses to amend, he should provide factual detail demonstrating
13 which Defendants did or did not do what, when, and why and how his rights were
14 violated.

15 **B.     No Eighth Amendment "Cruel and Unusual Punishment" Claim**

16 The treatment a prisoner receives in prison and the conditions under which the
17 prisoner is confined are subject to scrutiny under the Eighth Amendment, which
18 prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31
19 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment
20 "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and
21 decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

22 Conditions of confinement may, however, be harsh and restrictive. See Rhodes
23 v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide
24 prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."
25 Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates
26 the Eighth Amendment only when two requirements are met: (1) objectively, the
27 official's act or omission must be so serious that it results in the denial of the minimal
28 civilized measure of life's necessities; and (2) subjectively, the prison official must have

acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See Id.

### 1. Serious Deprivation

In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff contends he was subjected to unsanitary conditions from his cogged toilet. A lack of sanitation that is severe or prolonged can constitute a violation of the Eighth Amendment. See Johnson, 217 F.3d at 732–33 (prisoners' allegations that they did not receive adequate access to toilets, and then were not allowed to clean themselves after, if believed, is sufficiently serious to satisfy objective component); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (a lack of sanitation that is severe or prolonged can constitute a violation of the Eighth Amendment). However, temporary unconstitutional conditions of confinement may not rise to the level of constitutional violations. See Anderson, 45 F.3d at 1314; Florio v. Canty, 2013 WL 3781549, at *5, (S.D.N.Y. July 22, 2013) (exposure to human waste on two occasions for a total of less than a few hours did not violate the Eighth Amendment).

Here the nature, extent and duration of any exposure to unsanitary conditions is unclear. Other than a reference to the odor of raw sewage, Plaintiff does not explain why he believes health problems were caused by the alleged conditions, whether he and or staff took measures to clean and sanitize the cell, and, if so, when and with what results. Significantly, the complaint alleges the toilet and drainage were cleared on December 27, 2011. The administrative appeal documentation attached to the complaint indicates the problem was cleared on December 21, 2011.

Plaintiff has failed to allege an objectively serious deprivation.

### 2. Culpable State of Mind

Even if Plaintiff had alleged a serious deprivation, nothing suggests Defendants

acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 303 (1991); Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference."

It appears prison staff responded to the Form 22 within at most twelve days and advised that a priority work order had been issued to deal with the problem. Nothing suggests Defendants' subjective indifference was the cause of any delay in response and resolution of the problem.

In summary, Plaintiff fails to allege facts showing cruel and unusual conditions of confinement. If Plaintiff chooses to amend, he must allege facts showing he was denied necessary sanitary conditions by Defendants' deliberate indifference causing him harm.

### C. No Due Process Claim

Plaintiff may complain of processing and disposition of his administrative request and grievance. However, Plaintiff may not assert a constitutional violation based solely on such a claim.

Prison staff actions in responding to Plaintiff's prison appeal and grievance alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may not state a due process claim arising solely from processing and denial of administrative appeals. Leave to amend such a claim is futile and denied on that basis.

### D. No Title 15 Claim

Plaintiff complains Defendants' violated Title 15 §§ 3001, 3060, 3064 and 3270.[1]

The existence of Title 15 regulations governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

Accordingly, no § 1983 claim arises for such violations even if they occurred. See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011).

Plaintiff may not include a due process claim solely for violation of prison regulations set out in Title 15 in any amended pleading. Leave to amend such a claim is futile and denied on that basis.

### E. No Supplemental State Law Claim

Plaintiff complains Defendants caused intentional infliction of emotional distress, violating state law.

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571.

The Court need not address the viability of Plaintiff's state claim because the

---

[1] Regarding policies and means for keeping living quarters clean, sanitary and safe.

Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim.[2] 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

### F. No Injunctive Relief

Plaintiff seeks an order that Defendants provide him adequate living conditions consistent with health and safety standards.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff's complaint does not demonstrate a need for and entitlement to injunctive relief. Plaintiff does not state any cognizable federal claim. The alleged harm was resolved not later than December 27, 2011. Exposure to past harm is not a basis for injunctive relief. See City of Los Angeles, 461 U.S. at 101–02 ("past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Plaintiff identifies no hardship he might suffer absent injunctive relief.

---

[2] The Court expresses no opinion on such a claim.

1    If Plaintiff chooses to amend, he must provide facts showing a meritorious federal
2 claim, actual injury, and that he needs and is entitled to injunctive relief under the above
3 standard.

4    **G.    Appointment of Counsel Denied Without Prejudice**

5    Plaintiff requests appointment of pro bono counsel to assist him in this action.
6 This request shall be denied without prejudice.

7    Plaintiff does not have a constitutional right to appointed counsel in this action,
8 Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other
9 grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an
10 attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United
11 States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In
12 certain exceptional circumstances the Court may request the voluntary assistance of
13 counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a
14 reasonable method of securing and compensating counsel, the Court will seek
15 volunteer counsel only in the most serious and exceptional cases. In determining
16 whether "exceptional circumstances exist, the district court must evaluate both the
17 likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her
18 claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at
19 1525. Neither of these factors is dispositive and both must be viewed together before
20 reaching a decision on request of counsel under section 1915(d). Wilborn v.
21 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970
22 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the
23 Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of
24 exceptional circumstances for the appointment of counsel.").

25    Plaintiff does not demonstrate exceptional circumstances supporting appointment
26 of counsel. 28 U.S.C. § 1915(e)(1); Rand, 113 F.3d at 1525. No cognizable claim is
27 stated. Moreover, the facts alleged to date appear straightforward and unlikely to
28 involve extensive investigation and discovery. Plaintiff has to date demonstrated

1 reasonable writing ability and legal knowledge. Moreover, it is not apparent on the
2 record that before bringing this motion Plaintiff exhausted diligent effort to secure
3 counsel. Plaintiff's lack of funds alone does not demonstrate that efforts to secure
4 counsel necessarily would be futile.

5 Additionally, as a procedural matter a request for a court order, including an
6 order appointing counsel, must be made by motion. Fed. R. Civ. P. 7(b).

7 Accordingly, for the foregoing reasons, Plaintiff's request for appointment of
8 counsel is denied without prejudice. If Plaintiff chooses to request appointment of
9 counsel, he should do so by motion demonstrating exceptional circumstances.

## V.   CONCLUSIONS AND ORDER

11 Plaintiff is not presently entitled to appointment of counsel. His complaint does
12 not state a claim for relief under § 1983. The Court will grant an opportunity to file an
13 amended complaint consistent with the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130
14 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

15 If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a
16 deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set
17 forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at
18 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each
19 named Defendant personally participated in a deprivation of his rights. Jones v.
20 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

21 Plaintiff should note that although he has been given the opportunity to amend, it
22 is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th
23 Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on
24 curing the deficiencies set forth above.

25 Finally, Plaintiff is advised that Local Rule 220 requires that an amended
26 complaint be complete in itself without reference to any prior pleading. As a general
27 rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
28 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d

896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed June 26, 2013,
2. Plaintiff's request for appointment of counsel is DENIED without prejudice,
3. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted,
4. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and
5. If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   December 4, 2013           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE