1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE I. REVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>J. LINES, et al.,<br><br>        Defendants. | Case No.  1:13-cv-00980-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 10)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

        Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to
42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim. Before the
Court for screening is the First Amended Complaint.

I.      **SCREENING REQUIREMENT**

        The Court is required to screen complaints brought by prisoners seeking relief
against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has
raised claims that are legally "frivolous, malicious," or that fail to state a claim upon
which relief may be granted, or that seek monetary relief from a defendant who is
immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

1   any portion thereof, that may have been paid, the court shall dismiss the case at any

2   time if the court determines that . . . the action or appeal . . . fails to state a claim upon

3   which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4   **II.    PLEADING STANDARD**

5       Section 1983 "provides a cause of action for the deprivation of any rights,

6   privileges, or immunities secured by the Constitution and laws of the United States."

7   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.

8   Section 1983 is not itself a source of substantive rights, but merely provides a method

9   for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

10  393-94 (1989).

11      To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

12  that a right secured by the Constitution or laws of the United States was violated and (2)

13  that the alleged violation was committed by a person acting under the color of state law.

14  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

15  1245 (9th Cir. 1987).

16      A complaint must contain "a short and plain statement of the claim showing that

17  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

18  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

19  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

20  662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

21  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

22  plausible on its face." Id. Facial plausibility demands more than the mere possibility that

23  a defendant committed misconduct and, while factual allegations are accepted as true,

24  legal conclusions are not. Id. at 667-68.

25  **III.   PLAINTIFF'S ALLEGATIONS**

26      This action arose at Corcoran State Prison ("CSP").

27      Plaintiff names as Defendants (1) Lines, Supervisor of Building Trades, (2)

28  Medina, Correctional Business Manager, (3) Botello, Correctional Officer, (4) Renteria,

Correctional Officer, (5) Mendiola, Maintenance Worker, (6) Madsa, Supervisor, (7) Sexton, Facility Caption, (8) Cavazus, Chief Deputy Warden, and (9) Doe CDCR employees.

Plaintiff claims the toilet in his cell and the adjacent cell as well as a nearby sewage drain became clogged with human excrement and  flooded Plaintiff's cell area with sewage and stench. He submitted a CDCR Form 22 request that building staff fix the problem.

Approximately two weeks later he alerted Defendant Renteria to the problem. Renteria wrote an emergency work order for the clogged toilets, noting sewage was coming out of the nearby drain. Renteria also gave Plaintiff some cleaning supplies. The next day Defendant Botello wrote an emergency work order for the sewage drain, noting it was flooded, reeked of sewage, and created health and hygiene issues.  Both emergency work orders were authorized by Defendant Sexton. Maintenance staff worked to and did unclog the toilets and the drain over the next several days.

Staff did not properly clean and sanitize the drain and surrounding area near Plaintiff's cell. The drain area continued to be contaminated with and reek of human waste. Plaintiff filed a grievance requesting the drain and surrounding area be cleaned and sanitized. Defendants Lines and Medina denied the grievance at the first level, finding that the plumbing had been cleared and that the request for drain cleaning and disinfecting should be addressed to housekeeping staff. They referred Plaintiff to the Facility Captain to pursue drain area cleaning and sanitizing. The grievance was denied at the second and third levels.

Plaintiff claims Defendants above actions show indifference and negligence in responding to conditions in his cell and intentionally caused him anxiety, headaches, debilitating allergies, and worsening of his sinus condition and asthma so that his medication had to be increased.

Plaintiff seeks monetary damages.

3

1   **IV.    DISCUSSION**

2          **A.    No Deliberate Indifference**

3          The treatment a prisoner receives in prison and the conditions under which the

4   prisoner is confined are subject to scrutiny under the Eighth Amendment, which

5   prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31

6   (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment

7   "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and

8   decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

9          Conditions of confinement may, however, be harsh and restrictive. See Rhodes

10  v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide

11  prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."

12  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

13         A prison official violates the Eighth Amendment only when two requirements are

14  met: (1) objectively, the official's act or omission must be so serious that it results in the

15  denial of the minimal civilized measure of life's necessities; and (2) subjectively, the

16  prison official must have acted unnecessarily and wantonly for the purpose of inflicting

17  harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison

18  official must have a "sufficiently culpable mind." See Id.

19                        1.    Serious Deprivation

20         In determining whether a deprivation is sufficiently serious within the meaning of

21  the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation

22  must be considered. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

23         Plaintiff contends the clogged plumbing caused sewage to back up in and around

24  his cell and caused him serious discomfort and exacerbated existing health problems.

25  The fact emergency work orders were issued because of health and hygiene issues

26  suggests the problem was a serious one. A lack of sanitation that is severe or prolonged

27  can constitute a violation of the Eighth Amendment. Anderson v. County of Kern, 45

28  F.3d 1310, 1314 (9th Cir. 1995). Plaintiff's recurrent exposure to sewage and stench

1  affecting his health is sufficient to show a serious health and safety risk from his
2  conditions of confinement.

3          2.    No Culpable State of Mind

4      A prison official acts with deliberate indifference if he knows of and disregards an
5  excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other
6  words, the prison official "must both be aware of facts from which the inference could be
7  drawn that a substantial risk of serious harm exists [to the inmate], and [the prison
8  official] must also draw the inference."

9      Plaintiff claims it took Defendants nearly two weeks to respond to his Form 22
10  request that the sewage problem be fixed. However, the facts plead do not reflect that
11  any of the named defendants were actually made aware of the Form request and then
12  delayed acting on it.

13      Plaintiff also claims Defendants did not act "adequately and responsibly" to
14  remedy the sewage problems. (ECF No. 10 at ¶ 22.) However Defendants Renteria and
15  Botello issued emergency requests, authorized by Defendant Sexton, to facility
16  maintenance to address the problems. Defendant Renteria provided Plaintiff with
17  cleaning supplies. Building maintenance staff resolved the clogs, albeit over a period of
18  several days.  Nothing in these allegations shows a knowing delay or failure to respond
19  or an intention to make Plaintiff suffer. At most Plaintiff alleges negligence and that is
20  not a basis for a § 1983 claim. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
21  1990); Scotton v. Amerongen, —— F.Supp.2d ——, 2009 WL 1853311, at *5 (N.D. Iowa
22  June 29, 2009) (negligent acts by prison officials are not actionable under § 1983).

23      Plaintiff claims Defendants Lines and Medina were indifferent to the risks
24  reflected in his 602 grievance in which he complained that even after the drain was
25  cleared it remained encrusted with, and reeked of, excrement. However Plaintiff does
26  not allege facts showing how, why and the extent to which the drain area, posed a
27  serious health and safety threat to him. It does not appear he actually came in contact
28  with encrusted excrement or that its odor was anything but unpleasant. His believe the

1  situation aggravated his sinuses and asthma is not supported by his medical record,

2  medical staff, or otherwise.

3         Even if the drain area did pose a health and safety threat, Defendants Lines and

4  Medina were not indifferent to it. Their referral of Plaintiff to an appropriate staff member

5  to deal with it reflects the opposite of deliberate indifference.

6         In sum, Plaintiff does not allege facts reasonably suggesting Defendants

7  knowingly subjected him to serious health and safety risks and deprivations for the

8  purpose of causing him harm. See Wilson v. Seiter, 501 U.S. 294, 303 (1991); Johnson,

9  217 F.3d at 733.

10                **B.    No Due Process Claim**

11        The actions of Defendants Lines and Botello in responding to Plaintiff's grievance

12 can not alone give rise to any claim for relief under § 1983 for violation of due process.

13 "[A prison] grievance procedure is a procedural right only, it does not confer any

14 substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

15 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does

16 not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d

17 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

18        Plaintiff may not state a due process claim arising solely from processing and

19 denial of an administrative grievance.

20                **C.    No State Law Claim**

21        The Court will not address the viability of any state law claim because it will not

22 exercise supplemental jurisdiction over such a claim in the absence of any cognizable

23 federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254

24 F.3d 802, 805 (9th Cir. 2001). "When . . . the court dismisses the federal claim leaving

25 only state claims for resolution, the court should decline jurisdiction over the state

26 claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod

27 Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

28

V.   **CONCLUSIONS AND RECOMMENDATION**

The First Amended Complaint does not state a claim for relief under § 1983. The prior screening order instructed Plaintiff on the above deficiencies and requirements for correcting them. Plaintiff's ongoing failure to correct these deficiencies is reasonably construed as a reflection of inability to do so. Leave to amend would be futile and should be denied.

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that action be DISMISSED WITH PREJUDICE for failure to state a claim subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 14, 2014            /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

7